NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

HANNAH DAVID, individually and on behalf of her minor daughter B.D.,

Plaintiff - Appellee,

v.

AIMEE LESKOVIC; IWALANI KAAUWAI-HERROD; DINO SAN AUGUSTINE, in their individual capacities,

Defendants - Appellants,

and

CATHY BETTS, in her official capacity as Director of the State of Hawaii Department of Human Services; PENNY CHO; WILLIAM KEAHIOLALO; SHAYLENE ISERI; GINA KAULUKUKUI,

Defendants.

No. 24-3889

D.C. No.
1:20-cv-00002-JMS-WRP

MEMORANDUM*

---

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted June 6, 2025

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Aimee Leskovic, Iwalani Kaauwai-Herrod, and Dino San Augustine (Appellants) appeal the district court's order denying their motion for summary judgment on Hannah David's 42 U.S.C. § 1983 claim. David alleges that Appellants violated her constitutional rights to familial association when they removed her daughter B.D. from her custody and placed B.D. with William Keahiolalo, the child's noncustodial parent. As the parties are familiar with the facts, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291 to review the district court's denial of qualified immunity "to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). We affirm the district court's order.

"We review a denial of qualified immunity de novo, viewing the facts and drawing reasonable inferences in the light most favorable to the party opposing summary judgment." *Ames v. King County*, 846 F.3d 340, 347 (9th Cir. 2017). We apply a two-part test to determine whether officials are entitled to qualified immunity: (1) whether the facts as shown "make out a violation of a constitutional right, and (2) if so, whether that right was 'clearly established' at the time of defendant's alleged misconduct" such that a reasonable official would be on notice that their conduct violated plaintiff's constitutional rights. *Pearson v. Callahan*,

555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). A court may address these questions in any order. *Id.* at 236.

We have articulated a "discrete constitutional right" that "parents will not be separated from their children without due process of law except in emergencies." *Keates v. Koile*, 883 F.3d 1228, 1235–36 (9th Cir. 2018) (quoting *Mabe v. San Bernadino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1109 (9th Cir. 2001)). Stated more specifically, the state may remove a child from their parents without a court order if there is "reasonable cause to believe the child is in imminent danger of serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably necessary to avert the specific injury at issue." *Id.* at 1237–38 (synthesizing cases).

1.     The district court held that there was a material dispute of fact about Appellants' knowledge of Keahiolalo's custody rights at the relevant times. Appellants argue that their knowledge of Keahiolalo's custody rights is immaterial because they would have removed B.D. from David's custody after the November 30, 2019 assault, and pursuant to the December 4 temporary restraining order, regardless of where they placed her. *See Jeffers v. Gomez*, 267 F.3d 895, 904 (9th Cir. 2001) (holding that the materiality of a disputed issue of fact is a legal question). But a fact finder could decide that B.D.'s placement with Keahiolalo violated the right to familial association because it was not "reasonably necessary"

to protect B.D. from harm and unduly affected the "scope, degree, and duration" of B.D.'s separation.

For example, a jury could determine that it was unreasonable for social workers with knowledge of Keahiolalo's limited custody rights to informally "transfer" B.D. to her father, rather than take temporary protective custody of B.D. *See* Haw. Rev. Stat. § 587A. As a result of the informal transfer, B.D. was relocated to different island, and David did not receive the procedural protections she is due under Hawaii law, which presumably would have granted her the hearing that led to the return of B.D. 11 days earlier. Haw. Rev. Stat. §§ 587A-9(5); 587A-11(7); *see also Burke v. County of Alameda*, 586 F.3d 725, 733 (9th Cir. 2009) (noting that "if the parent without physical custody does not reside nearby . . . , it is probably reasonable for a police officer to place a child in protective custody without attempting to place the child with the geographically distant parent"); *Wallis v. Spencer*, 202 F.3d 1126, 1140 (9th Cir. 2000) (observing children were "traumatized" by a lengthy separation from their parents with limited visitation).

2. Appellants further argue that the district court erred by defining the asserted constitutional right at too high a level of generality. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (noting that clearly established inquiry focuses on whether "contours of the right [are] sufficiently clear" to put officials

on notice).  We disagree.  Our precedent clearly instructs social workers that, without a court order, any intrusion on a parent's familial association rights must be limited to what is "reasonably necessary" to protect children from  imminent danger of serious bodily injury.  *See Wallis*, 202 F.3d at 1138–39. Depending on the facts adduced at trial, a fact finder could conclude that B.D. was not in imminent danger of serious bodily injury when defendants took B.D. into custody without a court order.  A reasonable jury could also conclude that the "scope, degree, and duration" of B.D.'s 21-day separation from her mother was not reasonably necessary to protect her from harm.  Thus, resolving factual disputes in Davids' favor, as we must at this stage, Appellants' actions violated the clearly established core contours of David's familial association rights.  The district court did not err by denying Appellants qualified immunity.

**AFFIRMED.**